IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Case No.

UNITED STATES OF AMERICA,

      Plaintiff,

v.

1.    SCOTT ANTHONY WHATCOTT,
      aka Michael Scott Smith,
      aka Scott Vasadi, and

2.    RAMONA CAMELIA FRICOSU,
      aka Ramona Smith,

      Defendants.
_____

INDICTMENT
18 U.S.C. §§ 1344 & 2 [Bank Fraud and Aiding/Abetting];
18 U.S.C. §§ 1343 & 2 [Wire Fraud and Aiding/Abetting];
18 U.S.C. § 1957(a) [Money Laundering];
18 U.S.C. § 1028A(a)(1) [Aggravated Identity Theft];
18 U.S.C. §§ 1014 & 2 [False Statements To Financial Institutions and Aiding/Abetting]
_____

The Grand Jury charges that:

**<u>Introductory Allegations</u>**

1.    The defendant, SCOTT ANTHONY WHATCOTT conducted real estate

transactions using the names Scott Whatcott, Michael Smith and Scott Vasadi

(hereinafter **WHATCOTT**).  In or about December 14, 2007, **WHATCOTT** changed his

name to Michael Smith, but continued using **WHATCOTT** and other names, as set forth

below. **SCOTT WHATCOTT** resided in and conducted his real estate transactions in the

Colorado Springs, Colorado area.

2.    The defendant, RAMONA CAMELIA FRICOSU was for certain pertinent

periods married to and throughout relevant times conducted real estate transactions

with **WHATCOTT** using the names Ramona Fricosu and Ramona Smith (hereinafter

**FRICOSU**).  On or about December 14, 2007, **FRICOSU** changed her name to Ramona

Smith, but also continued using **FRICOSU**, as set forth below.  **RAMONA FRICOSU**

resided in and conducted her real estate transactions in the Colorado Springs, Colorado

area.

## The Scheme to Defraud

3.      Between in or about July 2007, and continuing through in or about

September 2010, in the State and District of Colorado, defendants, **SCOTT**

**WHATCOTT** and **RAMONA FRICOSU**:

(A) knowingly executed and attempted to execute a scheme or artifice to defraud

or to obtain money or property by means of materially false and fraudulent pretenses,

representations and promises from financial institutions, including Wells Fargo Home

Mortgage ("WF") and USAA Federal Savings Bank ("USAA"), financial institutions

whose deposits were insured by the Federal Deposit Insurance Corporation; and

(B) knowingly devised a scheme or artifice to defraud and to obtain money and

property by means of materially false and fraudulent pretenses, representations and

promises from various commercial lenders, including Sun Trust Mortgage, Taylor, Bean

& Whitaker, Nexgen Lending, Inc., and National City Mortgage dba PNC Mortgage, and

from persons who were attempting to sell residential real property in the Colorado

Springs, Colorado area.

4.      During the scheme to defraud, **SCOTT  WHATCOTT** and **RAMONA**

2

**FRICOSU** located sellers in the Colorado Springs area who sought to sell their homes due to imminent foreclosure or the sellers' relocation from Colorado.

5.      It was part of the scheme for **WHATCOTT** to tell each owner that he wished to buy the home and that he would obtain a new mortgage or assume the existing mortgage, and would make the seller's future mortgage payments.

6.      It was part of the scheme for **WHATCOTT** to convince the home seller to transfer the property to him by quit claim or other deed, and/or to sign a power of attorney, purportedly as part of **WHATCOTT** assuming the mortgage, obtaining a new mortgage or for other purposes to avoid foreclosure of the property.

7.      It was part of the scheme for **WHATCOTT** and/or **FRICOSU** to make mortgage payments to the mortgage lender for some period while the scheme to defraud continued.

8.      It was part of the scheme for **WHATCOTT** or **FRICOSU** to file a complaint to quiet title regarding the properties they sought to obtain, and in such lawsuits, **WHATCOTT** or **FRICOSU**, using one of their aliases, would be the plaintiff and claim to be the "sole owner" of the residence, and would falsely allege that **WHATCOTT** or **FRICOSU** had made diligent efforts to ascertain anyone who might have an interest in the particular residential real property.

9.      It was further part of the scheme that in some instances, **WHATCOTT** or **FRICOSU** would file with the court in the quiet title lawsuits a "Return of Service" that would contain materially false and fraudulent representations that **WHATCOTT** or **FRICOSU,** using one of their various aliases, had delivered the quiet title documents to

3

the seller and/or to the mortgage lender when **WHATCOTT** or **FRICOSU** had not done so.

10.     It was further part of the scheme that in other instances, **WHATCOTT** or **FRICOSU** would list as defendants in the quiet title action and file with the court "Returns of Service" on mortgage lenders that **WHATCOTT** or **FRICOSU** knew had no interest in the particular residential real property and so would not contest the quiet title lawsuit.

11.     It was further part of the scheme that **WHATCOTT** or **FRICOSU**, in one of their various aliases, would be named as a defendant in the quiet title action for particular residential real property, and as a defendant, for **WHATCOTT** or **FRICOSU** to file a document with the court disclaiming any interest in the property.

12.     It was further part of the scheme that **WHATCOTT** or **FRICOSU** would then file a "Motion For Decree Quieting Title" as to particular residential real property based on the disclaimer by **WHATCOTT** or **FRICOSU** as described in paragraph 11, above, and their claim that "no other person has come forward to assert an interest in the subject matter of this action."

13.     It was further part of the scheme for **WHATCOTT** or **FRICOSU** to obtain title to the residential real property, through the scheme alleged in paragraphs 3-12, above.  Once **WHATCOTT** and **FRICOSU** obtained the court's decree quieting title as to particular property, they sold such property and received the sales proceeds without paying the outstanding mortgage.

## Executions of the Bank Fraud

### Counts 1 - 12
### 18 U.S.C. §§ 1344 & 2

14.   The Grand Jury re-alleges and incorporates paragraphs 1-13.

15.   On or about the dates set forth below in the State and District of Colorado, the defendants, **SCOTT WHATCOTT** and **RAMONA FRICOSU**, for the purpose of knowingly executing and attempting to execute the scheme or artifice to defraud or obtain money or property from financial institutions, as described in paragraphs 3(A), and 4 through 13, above, committed the acts described below:

| Count | Date | Property | Bank | Execution |
|---|---|---|---|---|
| 1 | 7/13/07 | 9070 Christy Court, Colorado Springs, CO | WF | Filed *Scott Whatcott; Ramona Fricosu v. Donald H. Maier, et al.*, 07cv236 (quiet title complaint) |
| 2 | 7/27/07 | 9070 Christy Court, Colorado Springs, CO | WF | False "Returns of Service" filed, 07cv236 |
| 3 | 9/10/07 | 9070 Christy Court, Colorado Springs, CO | WF | Recorded warranty deed transferring title from Scott Whatcott and Ramona Fricosu to Michael Smith |
| 4 | 2/27/08 | 9070 Christy Court, Colorado Springs, CO | WF | Sale by Michael Smith to Heather McLean without payment of WF mortgage |
| 5 | 4/30/08 | 20670 Calle Pacifico Point, Colorado Springs, CO | WF | Filed *Michael Smith v. Michael I Johnson and Washington Mutual Bank*, 08cv189 (quiet title complaint) |

5

| 6 | 5/5/08 | 9419 Tranquil Morning Terrace, Colorado Springs, CO | WF | Filed *Michael Smith v. Ramona Smith, et al.*, 08cv192 (quiet title complaint) |
|---|---|---|---|---|
| 7 | 5/8/08 | 9419 Tranquil Morning Terrace, Colorado Springs, CO | WF | "Return of Service" filed, 08cv192 |
| 8 | 5/13/08 | 20670 Calle Pacifico Point, Colorado Springs, CO | WF | False "Return of Service" filed, 08cv189 |
| 9 | 10/3/08 | 9419 Tranquil Morning Terrace, Colorado Springs, CO | WF | Sale by Michael Smith to Abrahm and Amy Jarriel without payment of WFB mortgage |
| 10 | 6/10/09 | 2633 Cinnabar Road, Colorado Springs, CO | USAA | Filed *Michael Smith v. Ramona Smith, et al.*, 09cv267 (quiet title complaint) |
| 11 | 8/7/09 | 2633 Cinnabar Road, Colorado Springs, CO | USAA | False "Return of Service" filed, 09cv267 |
| 12 | 11/10/09 | 2633 Cinnabar Road, Colorado Springs, CO | USAA | Sale by Michael Smith to Kurt Gardner without payment of USAA mortgage |

All in violation of Title 18, United States Code, Sections 1344 and 2.

**Use of Interstate Wire Transmissions to Execute Fraud**

**Counts 13 - 16**
**18 U.S.C. §§ 1343 & 2**

16.     The Grand Jury re-alleges and incorporates paragraphs 1-13.

17.     On or about the dates set forth below in the State and District of Colorado

and elsewhere, the defendants, **SCOTT WHATCOTT** and **RAMONA FRICOSU**, for the

purpose of executing the scheme or artifice to defraud or to obtain money or property by

means of materially false and fraudulent pretenses and representations, as described in

paragraphs 3(B), and 4 through 13 above, transmitted and caused to be transmitted by

means of wire communication in interstate commerce the items set forth below:

| Count | Date | Property | Mortgage Co. | Wire Transmission |
|-------|------|----------|--------------|-------------------|
| 13 | 4/13/08 | 10436 Ross Lake Drive, Peyton, CO | National City Mortgage, PNC Mortgage | Email transmission from shaftey@yahoo.com to Ryan Yates attaching blank power of attorney for Ross Lake dealings |
| 14 | 5/2/08 | 9028 Sunningdale Road, Peyton, CO | Taylor, Bean & Whitaker | Email transmission from shaftey@yahoo.com to acsauer@msn.com confirming mortgage payment |
| 15 | 4/8/09 | 9028 Sunningdale Road, Peyton, CO | Taylor, Bean & Whitaker | $241,589.76 wire transfer from Ocala, FL to Clear Title in Colorado Springs (sale proceeds to Fricosu) |
| 16 | 1/21/10 | 2757 Crooked Vine Court, Colorado Springs, CO | Sun Trust | $3,062.41 online mortgage payment from Ent FCU in Colorado Springs to Suntrust Bank in Orlando, FL |

All in violation of Title 18, United States Code, Sections 1343 and 2.

## Count 17
### 18 U.S.C. §§ 1028A(a)(1) [Aggravated Identity Theft]

18.    Between in or about December 2007 through in or about October 2008, in

the State and District of Colorado, the defendant **SCOTT WHATCOTT**, using the name

Michael Smith, knowingly possessed and used, without lawful authority, a means of

identification of another person, to wit: Social Security Number XXX-XX-0072, during

and in relation to the felony violations alleged in Counts 4 and 9 of this Indictment, that

7

is, **WHATCOTT** used SSN XXX-XX-0072 to open WFB acct # XXXXXX6030, and thereafter, received therein proceeds of bank fraud, in violation of Title 18, United States Code, Section 1028A(a)(1) and 1028A(c)(5).

## Count 18
### 18 U.S.C. §§ 1028A(a)(1) [Aggravated Identity Theft]

19.     On or about February 27, 2008, in the State and District of Colorado, the defendant **SCOTT WHATCOTT**, using the name Michael Smith, knowingly possessed and used, without lawful authority, a means of identification of another person, to wit: Social Security Number XXX-XX-0072, during and in relation to a felony violation, that is, **WHATCOTT** presented SSN card number XXX-XX-0072 to Clear Title in connection with his sale of 9070 Christy Court, Colorado Springs, CO, the bank fraud charged in Count 4 of this indictment, all in violation of Title 18, United States Code, Section 1028A(a)(1) and 1028A(c)(5).

## Counts 19 - 33
### 18 U.S.C. §§ 1957(a) [Money Laundering]

20.     The Grand Jury re-alleges and incorporates paragraphs 3-18.

21.     On or about the dates listed below, in the State and District of Colorado and elsewhere, the defendants, **SCOTT WHATCOTT** and **RAMONA FRICOSU,** as identified in each count below, knowingly engaged and attempted to engage in a monetary transaction by, through, or to a financial institution affecting interstate and foreign commerce, involving criminally derived property of a value greater than $10,000, and which was derived from specified unlawful activity; namely, defendants withdrew moneys that were proceeds of bank fraud, as charged in Counts 1-4, 6-7 and 9-12, and

wire fraud, as charged in Counts 14-16, as follows:

| Count | Date | Defendant | Monetary Transaction |
|-------|------|-----------|----------------------|
| 19 | 2/27/08 | Whatcott | $30,000 withdrawal from WFB acct # XXXXXX6030 (Christy Court proceeds) |
| 20 | 2/28/08 | Whatcott | $50,000 withdrawal from WFB acct # XXXXXX6030 (Christy Court proceeds) |
| 21 | 2/28/08 | Whatcott | $30,000 withdrawal from WFB acct # XXXXXX6030 (Christy Court proceeds) |
| 22 | 10/3/08 | Whatcott | $30,000 withdrawal from WFB acct # XXXXXX6030 (Tranquil Morning Terrace proceeds) |
| 23 | 10/4/08 | Whatcott | $40,000 withdrawal from WFB acct # XXXXXX6030 (Tranquil Morning Terrace proceeds) |
| 24 | 10/4/08 | Whatcott | $22,000 withdrawal from WFB acct # XXXXXX6030 (Tranquil Morning Terrace proceeds) |
| 25 | 11/23/09 | Whatcott | $27,426.12 withdrawal from JP Morgan Chase Bank acct # XXXXX7570 for a cashier's check payable to "El Paso County Public Trustee" (Cinnabar Road proceeds) |
| 26 | 12/3/09 | Whatcott | $25,000 withdrawal from JP Morgan Chase Bank acct # XXXXX7570 (Cinnabar Road proceeds) |
| 27 | 4/9/09 | Fricosu | $40,000 withdrawal from JP Morgan Chase Bank acct # XXXXX1213, from Austin Bluffs Pkwy branch (Sunningdale Road proceeds) |
| 28 | 4/9/09 | Fricosu | $40,000 withdrawal from JP Morgan Chase Bank acct # XXXXX1213 (Sunningdale Road proceeds) |
| 29 | 4/9/09 | Fricosu | $30,000 withdrawal from JP Morgan Chase Bank acct # XXXXX1213 (Sunningdale Road proceeds) |

| 30 | 4/9/09 | Fricosu | $20,000 withdrawal from JP Morgan Chase Bank acct # XXXXX1213 (Sunningdale Road proceeds) |
| 31 | 4/9/09 | Fricosu | $16,000 withdrawal from JP Morgan Chase Bank acct # XXXXX1213 (Sunningdale Road proceeds) |
| 32 | 5/11/10 | Fricosu | $60,000 withdrawal from Ent Federal Credit Union acct # XXX667 (Crooked Vine Court proceeds) |
| 33 | 5/11/10 | Fricosu | $24,000 withdrawal from Ent Federal Credit Union acct # XXX667 (Crooked Vine Court proceeds) |

All in violation of Title 18, United States Code, Sections 1957(a).

## Count 34
### 18 U.S.C. § 1344 [Bank Fraud]

22.     Between in or about March 2006 and in or about September 2006, in the State and District of Colorado, defendant **SCOTT  WHATCOTT** knowingly executed and attempted to execute a scheme or artifice to defraud Wells Fargo Bank, NA ("WFB"), a financial institution whose deposits were insured by the Federal Deposit Insurance Corporation, as follows.

a.     **WHATCOTT** and Ramona Fricosu obtained a mortgage from WFB, loan # XXX-XXXXXX9164, for the purchase of 5473 Thresher Lane, Colorado Springs, CO ("Thresher Lane").

b.     On March 29, 2006, **WHATCOTT** attended the closing for the purchase of Thresher Lane, and WFB loan # XXX-XXXXXX9164 funded **WHATCOTT**'s purchase.

c.     Shortly following the closing, title company personnel discovered that the Note and Deed of Trust signed by **WHATCOTT** for Thresher Lane were missing.

**WHATCOTT** was contacted by title company personnel and his realtor but **WHATCOTT** refused to sign an additional copy of the Note and Deed and Trust for Thresher Lane.

       d.     On June 8, 2006, **WHATCOTT** and Ramona Fricosu executed a warranty deed transferring title to Thresher Lane to **WHATCOTT**'s father-in-law, Augustin Vasadi, without paying off the $177,036 WFB loan  # XXX-XXXXXX9164

       e.     In or about July 2006, **WHATCOTT**, caused the Thresher Lane property to be listed for sale with Augustin Vasadi as the seller.  Thereafter, **WHATCOTT** used the name Scott Vasadi to further the sale.

       f.     On September 11, 2006, Thresher Lane was sold to a buyer without paying off **WHATCOTT**'s WFB loan  # XXX-XXXXXX9164.  The $188,916 in proceeds from the sale of Thresher Lane were sent to an account in the name of Augustin Vasadi, who thereafter, transferred the monies to **WHATCOTT**.

      23.     The foregoing was in violation of 18 U.S.C. § 1344.

**<u>Counts 35- 39</u>**
**18 U.S.C. §§ 1014 & 2**
**[False Statements to Financial Institutions and Aiding/Abetting]**

      24.     On or about the dates listed below, in the State and District of Colorado, the defendants **SCOTT  WHATCOTT** and **RAMONA FRICOSU** knowingly made false statements for the purpose of influencing Wells Fargo Bank, N.A. (WFB), and Washington Mutual, the deposits of which are insured by the Federal Deposit Insurance Corporation, in connection with defendants' loan applications, as follows:

| Count | Date | Financial Institution | False Document |
|-------|------|----------------------|----------------|
| 35 | 9/15/05 | Washington Mutual | Loan application and supporting documents by Fricosu and Whatcott for Christy Court mortgage |
| 36 | 1/4/06 | WFB | Loan application and supporting documents by Fricosu and Whatcott for Thresher Lane mortgage |
| 37 | 2/6/06 | WFB | False Bank of America employment verification letters and earning summaries (for Thresher Lane mortgage) |
| 38 | 2/15/06 | WFB | False bank statements re Ramona Fricosu's Security Service Federal Credit Union account (for Thresher Lane mortgage) |
| 39 | 2/16/06 | Washington Mutual | False verification re Woodcrafters employment for Scott Whatcott and Ramona Fricosu (for Christy Court mortgage) |

:

All in violation of Title 18, United States Code, Sections 1957(a) and 2.

**Counts 40 - 49**
**18 U.S.C. §§ 1344 & 2 [Bank Fraud and Aiding/Abetting]**

25.     Beginning in or about April 2006 and continuing thereafter until in or about May 2006, within the State and District of Colorado, defendants **SCOTT  WHATCOTT** and **RAMONA FRICOSU** knowingly executed and attempted to execute a scheme or artifice to defraud Bank of America, whose deposits are insured by the Federal Deposit Insurance Corporation, by means of materially false and fraudulent pretenses, representations and promises.

26.     As part of said scheme, **WHATCOTT** and **FRICOSU**, caused the names

12

on cards issued to them to be changed to "Ramona Wilson" and "Scott Wilson",  namely credit card account number ending in 3089 (Fricosu ) and credit card account number ending in 9831  (Whatcott)..  Thereafter, **WHATCOTT** and **FRICOSU**, while working as customer service representatives at Bank of America's Colorado Springs call center fraudulently caused credits to be added to the balances on those credit cards.

27.     Once the credits were added to the defendants' Bank of America Credit cards, **WHATCOTT** and **FRICOSU** used their increased credit balance to make purchases or withdraw cash amounts from the cards.

28.     Through their scheme to defraud Bank of America by causing fraudulent credits to be added to the credit cards for "Scott Wilson" and "Ramona Wilson", **WHATCOTT** and **FRICOSU** obtained a total approximate amount of credit of $330,291, and using these cards, spent or withdrew cash totaling $47,240.21,

29.     To knowingly execute and attempt to execute the scheme described in paragraphs 25-28, above, on or about the dates listed below, in the State and District of Colorado, the defendants caused the following transactions with respect to the credit cards for **WHATCOTT** and **FRICOSU**, as follows:

**Count**       **Date**         **Transaction to Execute the Fraud**

| Count | Date | Transaction to Execute the Fraud |
|---|---|---|
| 40 | 4/26/06 | $50 "Credit Purchase Balance" added to Fricosu's credit card account #3089 |
| 41 | 4/26/06 | $50 "Credit Purchase Balance" added to Whatcott's credit card account #9831 |
| 42 | 5/5/06 | $330 "Credit Purchase Balance" added to Friscosu's credit card account #3089 |

| 43 | 5/11/06 11:31 p.m. | $400 "Credit Purchase Balance" Friscosu's credit card account #3089 |
| 44 | 5/11/06 11:37 p.m. | $400 "Credit Purchase Balance" added to Whatcott's credit card account #9831 |
| 45 | 5/11/06 11:47 p.m. | $400 "Credit Purchase Balance" added to Whatcott's credit card account #9831 |
| 46 | 5/12/06 | $250 "Credit Purchase Balance" added to Whatcott's credit card account #9831 |
| 47 | 5/12/06 | $400 "Credit Purchase Balance" added to Friscosu's credit card account #3089 |
| 48 | 5/15/06 | Cash advance from card #9831 for $1,200 by Fricosu |
| 49 | 5/18/06 | Cash advance from card #9831 for $1,240 and cash advance from card #3089 for $1,900 by Whatcott |

All in violation of Title 18, United States Code, Sections 1344(1) & 2.

### Notice of Forfeiture Allegation

30.     The allegations contained in Counts 1 - 16, and 19 - 49 of this Indictment are hereby re-alleged and incorporated by reference for the purpose of alleging forfeiture pursuant to the provisions of Title 18, United States Code, Section 981(a)(1)(C), Title 18, United States Code, Sections 982(a)(1) and 982(a)(2) and Title 28, United States Code, Section 2461(c).

31.     Upon conviction of the violations alleged in Counts 1 through 12, and 34-49, of this Indictment involving violations of Title 18, United States Code, Section 1344 (Bank Fraud); and Counts 13-16 and Title 18, United States Code, Section 1343 (Wire Fraud), defendants **SCOTT WHATCOTT** and **RAMONA FRICOSU** shall forfeit to the United States, pursuant to Title 18, United States Code, Section 981(a)(1)(C), Title 18, United States Code, Section 982(a)(2), and  Title 28, United States Code, Section

14

2461(c), any and all of the defendants' right, title and interest in all property constituting

and derived from any proceeds the defendants obtained directly and indirectly as a

result of such offense.

32.     Upon conviction of the violations alleged in Counts 36 - 39 of this

Indictment  involving violations of Title 18, United States Code, Section 1014 (False

statements to financial institutions), defendants **SCOTT WHATCOTT** and **RAMONA**

**FRICOSU** shall forfeit to the United States, pursuant to Title 18, United States Code,

Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), any and all of

the defendant's right, title and interest in any property, real or personal, that constitutes

or is derived from proceeds traceable to the commission of such offense, or any

property traceable to such property.

33.     The assets to be forfeited, pursuant to Title 18, United States Code,

Section 982(a)(2), Title 18, United States Code, Section 981(a)(1)(C), and Title 28,

United States Code, Section 2461(c), for the violations of Title 18, United States Code,

Sections 1344, 1343, and 1014 described herein, include but are not limited to:

        a.      A money judgment in the amount of proceeds obtained by the
scheme and by the defendants, for violations of Title 18, United States Code, 1344;

        b.      A money judgment in the amount of proceeds obtained by the
scheme and by the defendants, for violations of Title 18, United States Code, 1343;

        c.      A money judgment in the amount of proceeds obtained by the
scheme and by the defendants, for violations of Title 18, United States Code, 1014; and

        d.      A vehicle, more particularly known as a 2008 Dodge Dakota pickup,
representing property obtained directly or indirectly as a result of the offenses in
violation of Title 18, United States Code, Section 1344 and 1343.

34.     Upon conviction of the violations alleged in Counts19 - 33 of this

15

Indictment involving violations of Title 18, United States Code, Section 1957,

defendants **SCOTT WHATCOTT** and **RAMONA FRICOSU** shall forfeit to the United

States, pursuant to Title 18, United States Code, Section 982(a)(1) any and all of the

defendant(s)' right, title and interest in all property, real or personal, involved in such

offense, or all property traceable to such property, including, but not limited to:

   a.    A money judgment in the amount $254,426,12 against defendant
SCOTT WHATCOTT, which represents the amount of the property involved in these
offenses and or traceable to such property; and

   b.    A money judgment in the amount $230,000.00 against defendant
RAMONA FRICOSU, which represents the amount of the property involved in these
offenses and or traceable to such property;

   35.    If any of the property described in the paragraphs  above, as a result of

any act or omission of the defendants:

   a)    cannot be located upon the exercise of due diligence;
   b)    has been transferred or sold to, or deposited with, a third party;
   c)    has been placed beyond the jurisdiction of the Court;
   d)    has been substantially diminished in value; or
   e)    has been commingled with other property which
         cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section

853(p), as incorporated by Title 18, United States Code, Section 982(b) and Title 28,

United States Code, Section 2461(c), to seek forfeiture of any other property of said

defendants up to the value of the forfeitable property.

   All pursuant to 18 U.S.C. § 982(a)(2)(A) and 28 U.S.C. § 2461(c).

A TRUE BILL:

16

Ink signature on file in the Clerk's Office
FOREPERSON


JOHN F. WALSH
United States Attorney


s/ Patricia Davies
By: Patricia Davies
Assistant U.S. Attorney
1225 Seventeenth Street, Suite 700
Denver, CO 80211
Telephone: 303-454-0100
Facsimile: 303-454-0403
Email: patricia.davies@usdoj.gov
Attorneys for the Government